ABRAHAM D. BENOLIEL, TRADING, ETC., AS FRENCH WINE HOUSE, PLAINTIFF AND APPELLEE, v. MARTIN HOMAC AND ANTON CZUZAS, PARTNERS, DEFENDANTS AND APPELLANTS.

Submitted March 18, 1915—Decided June 30, 1915.

1. Under section 161 of the District Court act (*Comp. Stat., p.* 2002) the District Court has power to permit the plaintiff to amend the record during the trial by striking out the name of the plaintiff, wherever it occurs in the process and pleadings, and inserting the name of another person as plaintiff.

2. Books of account are legitimate *prima facie* evidence to show a sale and delivery of personal property in the usual course of business.

3. A refusal to nonsuit for failure of proofs will not justify a reversal if the defect was supplied by evidence thereafter taken in the progress of the cause.

4. Where the primary evidence of a fact which a party desires to prove is in the possession or control of his adversary who, after being notified to produce it at the trial, fails or refuses to do so, secondary evidence becomes admissible.

5. When the question whether a partnership exists is a matter of doubt to be decided by inferences to be drawn from all the evidence, it is one of fact for the jury, or for the judge if he be sitting without a jury.

6. Admissions and conduct in the presence of others which tend to show that a defendant is a partner, are competent evidence to charge him as a partner in fact.

7. Where the evidence tends to show that a defendant held himself out as a partner to the knowledge of the plaintiff, before the sales which were the subject-matter of the suit were made, the question of his liability is one of fact for the jury, or for the judge if he be sitting without a jury.

On appeal from the District Court of the city of Elizabeth.

Before Justices TRENCHARD, BERGEN and BLACK.

For the appellants, *Richard F. Henry.*

For the appellee, *Charles J. Stamler.*

The opinion of the court was delivered by

TRENCHARD, J.   This was a suit upon a book account for merchandise sold and delivered and this appeal brings up for review the judgment rendered by the judge, sitting without a jury, in favor of the plaintiff and against the defendants.   The defendant Czuzas defended upon the ground, among others, that he was not a member of the defendant firm, and he alone appeals.

We are of the opinion that the judgment must be affirmed.

There is no merit in the contention that the judge had no power to permit the plaintiff to amend the record during the trial, by striking out the name of the French Wine House, a corporation, as plaintiff, wherever it occurs in the process and pleadings, and inserting the name of Abraham L. Benoliel, Trading, &c., as French Wine House, as plaintiff.   The power of amendment bestowed upon the District Court by the District Court act (*Comp. Stat., p.* 2002, § 161) is amply sufficient to permit an amendment of this character.   *Prudential Insurance Co.* v. *Taylor,* 59 *N. J. L.* 352; *Farrier* v. *Schroeder,* 40 *Id.* 601.

It is next claimed that there should be a reversal because of the denial of the motion for nonsuit.   We think not.   It is first said that the motion should have been granted because the plaintiff's claim was not proved.   Not so.   The books of account of the plaintiff were properly admitted in evidence and these were legitimate *prima facie* evidence to show the sale and delivery of the merchandise in question in the usual course of business.   *Bayonne* v. *Standard Oil Co.,* 81 *N. J. L.* 717.

It is next contended that the nonsuit should have been granted as to the defendant Czuzas because of failure of proof as to his membership in the defendant firm.   But a complete answer to this contention is that a refusal to nonsuit for failure of proofs will not justify a reversal if the defect was supplied by evidence thereafter taken in the progress of the cause.   *Esler* v. *Camden and Suburban Railway Co.,* 71 *N. J. L.* 180.   As we shall hereafter point out, if there was such

want of proof at the time the motion for nonsuit was denied, it was supplied thereafter in the course of the trial.

It is next objected that the trial judge admitted parol evidence to prove the contents of a bill of sale of the saloon business from former owners to the defendants. The sole objection now urged to such evidence is that it was not the best evidence. But it was shown at the trial that the bill of sale was in the possession or control of the defendants and that they had been notified to produce it at the trial and had failed or refused to do so, and hence secondary evidence of its contents was admissible. *Durbrow* v. *Hackensack Meadows Co.,* 77 *N. J. L.* 89.

It is next contended that the trial judge erred in not directing a verdict as to the defendant Czuzas and the ground now urged is that there was no evidence upon which his liability could be predicated. But that contention is not well founded. The question whether a partnership does or does not exist between particular persons is a mixed question of law and fact; and when the question is a matter of doubt to be decided by inferences to be drawn from all the evidence, it is one of fact for the jury, or for the judge if he be sitting without a jury.

Now there was evidence of admissions and conduct of Czuzas in the presence of others tending to show that Czuzas was a partner and that evidence was competent to charge him as a partner in fact. *Seabury* v. *Bolles,* 51 *N. J. L.* 103; affirmed, 52 *Id.* 413.

Moreover there was evidence tending to show that Czuzas held himself out as a partner, to the knowledge of the plaintiff, before the sales in question were made, and hence the question of his liability was one of fact for a jury, or where, as here, the judge sat without a jury, was one of fact for the judge. *Carey* v. *Marshall,* 67 *N. J. L.* 236.

The result is that the judgment below will be affirmed, with costs.